```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Kevin Hiller

    v.                                Case No. 19-cv-252-PB
                                          Opinion No. 2019 DNH 202

Robert Hazlewood, Warden, Federal
Correctional Institution, Berlin


**O R D E R**

Before this Court is FCI-Berlin inmate Kevin Hiller's memorandum (Doc. No. 13), filed in response to the October 22, 2019 Order in this case, granting Hiller leave to file an amended Rule 59(e) motion seeking to reopen the judgment. In considering the instant memorandum (Doc. No. 13), in the context of reviewing the evidence filed by the respondent Warden in support of the motion for summary judgment that this Court granted, see Oct. 8, 2019 Order, this Court has identified an issue unrelated to the specific arguments Hiller has made, which could affect the Bureau of Prisons ("BOP") calculations regarding when Hiller's 18-year federal sentence began to run, and/or the BOP's rationale for its sentence calculations at issue here. Specifically, there is a state court document in the record before this Court, stating that Hiller's state

sentence for a 2001 robbery charge "maxed" in June 2008,[1] three years before the June 3, 2011 date BOP determined Hiller's federal sentence began to run. Although Hiller has not raised that issue in Document No. 13, the Court treats Hiller's filing as an amended Rule 59(e) motion, takes that motion under advisement, and directs the parties to brief whether the discrepancy in the record identified by this Court affects BOP's calculations or the agency's rationale for its decision, or otherwise provides grounds for reopening the judgment here.

## **Procedural History**

The following facts are undisputed. In June 2001, Kevin Hiller received a 4½ - 10 year sentence for robbery in Pennsylvania state court ("2001 robbery"). See Decl. of Veronica Hodge ("Hodge Decl.") ¶ 5 (Doc. No. 9-1, at 2). In 2005, Hiller was transferred to a work release program as part of his state sentence on the 2001 robbery. Id. ¶ 6. In May 2006, Hiller was arrested by Pennsylvania authorities for committing additional robberies. Id. ¶ 7. Hiller's work release was revoked, and he was returned to a Pennsylvania prison to continue serving the 2001 robbery sentence. Id. ¶ 8.

---

[1] See Doc. No. 9-3, at 2 (state robbery sentence "maxed on 6/3/2008").

The May 2006 arrest resulted in federal Hobbs Act charges. On October 31, 2006, while Hiller was in Pennsylvania Department of Corrections ("PDOC") custody on the 2001 robbery, the federal court issued a writ of habeas corpus ad proseqendum to "borrow" Hiller from the PDOC so that he could answer the federal charge. Id. ¶ 9. While Hiller was temporarily in the custody of federal authorities on the Hobbs Act case, the state brought two additional state robbery charges against Hiller ("2007 and 2008 state robbery charges"), to which Hiller ultimately pleaded guilty.

On December 19, 2008, while the 2007 and 2008 state robbery charges were still pending, the federal court sentenced Hiller to 18 years in prison for the Hobbs Act offense. Id. ¶ 11. That court intended to have the federal sentence run concurrently with any sentence to be imposed by the state courts in the 2007 and 2008 state robbery charges. See, e.g., United States v. Hiller, No. 06-cr-0096-04 (E.D. Pa. Mar. 20, 2017) (Doc. No. 9-17, at 9).

Hiller was returned to state custody on January 2, 2009. Hodge Decl. ¶ 12. Eleven months later, on December 2, 2009, the state court sentenced Hiller to a 3 - 6 year prison term on the 2007 and 2008 state robbery charges. The state court judge in those cases indicated that the state sentences would be served

concurrently with the 18-year federal sentence imposed in December 2008 on the Hobbs Act offenses, id. ¶ 13, and the state court credited Hiller with the time he had spent in detention after his September 2007 and September 2008 arrests on those charges. Pennsylvania released Hiller to federal custody on September 7, 2012. Id. ¶ 14.

Hiller filed administrative proceedings to challenge the BOP's sentence calculations affecting the projected end-date of his 18-year federal sentence. In response to Hiller's filings, the BOP made a nunc pro tunc designation of Hiller's state institution as the place where he was serving his federal sentence starting on June 3, 2011, and granted Hiller corresponding credit towards his 18-year federal sentence beginning on that same date, which the BOP concluded was the date Hiller had completely served his state sentence on the 2001 robbery case.

This Court's October 8, 2019 Order granted the respondent Warden's motion for summary judgment filed in this § 2241 petition, ruling that judgment as a matter of law was warranted in light of respondent's "Statement of Undisputed Facts," to which Hiller had failed to file any objection. After judgment entered, Hiller filed a motion (Doc. No. 12) seeking an opportunity to file an out-of-time objection to the summary

judgment motion. This Court's October 22, 2019 Order then granted Hiller leave to file an amended Rule 59(e) motion, through which the Court allowed Hiller to file his objection to respondent's summary judgment motion. The instant filing (Doc. No. 13) is Hiller's response to that October 22, 2019 Order. The respondent Warden has not filed any response to Doc. No. 13.

## Discussion

Upon reviewing the record in response to Document No. 13, and re-examining the exhibits filed by the respondent in support of the underlying dispositive motion (Doc. No. 9), the Court has identified a discrepancy in the record that Hiller has not highlighted, which could draw into question the BOP's conclusion that Hiller's federal sentence began on June 3, 2011. Specifically, a document in the record, generated by the PDOC, states that, at some point, the PDOC determined that Hiller's sentence on the 2001 robbery case "maxed" on June 3, 2008.[2] The existence of that document raises questions regarding BOP's calculations that rest on a finding that Hiller was released

---

[2] A form prepared by PDOC officials calculates Hiller's "maximum release date" on the 2001 robbery as June 3, 2011. See Att. 2 to Hodge Decl. (PDOC Sent. Summ.) (Doc. No. 9-3, at 2). Another section of the same form entitled, "Summary of Remarks on Sentence," states that "version 4" of the same document reflected that the 2001 robbery sentence "maxed on 6/3/2008." Doc. No. 9-3, at 2.

5

from that state sentence on June 3, 2011.

To enable this Court to issue an informed disposition of Hiller's amended Rule 59(e) motion, the Court directs the Warden to file a brief with exhibits: clarifying whether the discrepancy in the record identified by this Court affects the BOP's sentence calculations or the BOP's rationale for its calculations, and expressing the Warden's position on whether the judgment here should be reopened.  Hiller may file a response relating to those issues, according to the schedule set forth below.

## **Conclusion**

For the foregoing reasons, the Court directs as follows:

1.   The clerk's office is directed to update the docket to reflect that Document No. 13 is Hiller's amended Rule 59(e) motion, filed in response to the October 22, 2019 Order in this case.  The Court denies Hiller's original motion for reconsideration as moot (Doc. No. 12).

2.   No later than January 13, 2020, the Warden is directed to file a brief with exhibit(s) clarifying matters relating to issues highlighted in this Order; addressing whether BOP's sentence calculations or its rationale for its decisions relating to Hiller's sentence are affected or altered; and

addressing whether the judgment here should be reopened. Petitioner is granted leave to file a response addressing those issues by February 14, 2020.

    3.    The Court takes Hiller's amended Rule 59(e) motion (Doc. No. 13) under advisement pending the parties' responses to this Order.

    SO ORDERED.

    /s/ Paul J. Barbadoro
    Paul J. Barbadoro
    United States District Judge

December 2, 2019

cc:    Kevin Hiller, pro se
       Seth R. Aframe, Esq.